114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Paul DELANEY, Plaintiff-Appellant,
v.
Michael METELSKI, Officer, Phoenix Police, Defendant-Appellee.
and
Peter Fenton, Officer, employed by Phoenix Police; Robert
Mills, Detective with the Phoenix Police, Defendants.
 No. 96-15197.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.*
Decided May 28, 1997.
 
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Paul Delaney, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging the use of excessive force by defendant Metelski. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Delaney contends that the district court erred by concluding that his claim was precluded by Heck v. Humphrey, 512 U.S. 477 (1994). In his complaint, Delaney alleged that Metelski had used excessive force when he shot Delaney during Delaney's arrest. If Metelski believed that Delaney posed a threat of serious physical harm to himself or others, Metelski's use of deadly force would not be excessive. See Tennessee v. Garner, 471 U.S. 1, 11-12 (1985); Ting v. United States, 927 F.2d 1504, 1510 (9th Cir.1991). Delaney was convicted under an Arizona statute requiring a finding that he had endangered "another person with a substantial risk of imminent death or physical injury." See Ariz.Rev.Stat. § 13-1201. Because Delaney must invalidate this part of his conviction to establish that Metelski's use of force was excessive, the district court properly dismissed without prejudice Delaney's § 1983 action for damages. See Heck, 512 U.S. at 486-87 & 486 n. 6.
 
 
 4
 We also conclude that the district court did not abuse its discretion by denying Delaney's motions for sanctions. See Murdock v. Stout, 54 F.3d 1437, 1444 (9th Cir.1995).
 
 
 5
 In light of our conclusion that the district court did not err by dismissing without prejudice Delaney's action pursuant to Heck, Delaney's contentions that the district court erred by denying his motions for summary judgment and by granting Metelski's motion to withdraw an answer to an interrogatory and an admission are moot.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal